UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM VAN WADE,

        Plaintiff,

v.

JOHN NITTI, *et al.*,

        Defendants.

**DECISION AND ORDER**

6:21-CV-06726 EAW

---

## INTRODUCTION AND BACKGROUND

Plaintiff William Van Wade ("Plaintiff"), proceeding *pro se*, has sued numerous defendants (collectively, "Defendants") for a variety of federal and state-law claims, arising out of an alleged gas leak at his then-residence in 2019. (Dkt. 4). The Court issued a Decision and Order dated March 11, 2024 ("March 11 D&O") resolving various pending motions and ultimately dismissing the action. (Dkt. 122).

On April 15, 2024, Plaintiff filed a motion for reconsideration of the March 11 D&O. (Dkt. 128). Defendants filed responses in opposition. (Dkt. 130; Dkt. 131; Dkt. 133; Dkt. 135; Dkt. 136). Plaintiff also filed a motion for miscellaneous relief. (Dkt. 137). Familiarity with the factual and procedural background of this matter is assumed for purposes of this Decision and Order.

For the reasons below, Plaintiff's pending motions are denied.

**DISCUSSION**

Plaintiff moves for reconsideration pursuant to Federal Rules of Civil Procedure 7(b),[1] 59(e), and 60(b)(1) and (6). (Dkt. 128 at 1). Defendants argue Plaintiff's motion is untimely under Rule 59(e) and therefore falls under Rule 60(b). (Dkt. 131 at 5-6; Dkt. 133 at 4; Dkt. 135 at 5-6; Dkt. 136 at 6).

Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Decision and Order was entered on March 11, 2024 (Dkt. 122), and judgment was entered on March 12, 2024 (Dkt. 124). Plaintiff filed his motion for reconsideration on April 15, 2024. (Dkt. 128). Because more than 28 days had passed between entry of the judgment and the filing of Plaintiff's motion, Rule 59(e) is not available to Plaintiff.[2]

---

[1] Rule 7 relates to the form of pleadings and has no relevancy to the issues before the Court with the pending motion for reconsideration.

[2] Although Plaintiff is *pro se*, he is not entitled to the mailbox rule which applies to prisoners. *See Noel v. Coughlin*, No. 21-CV-6135-CJS-MWP, 2024 WL 617587, at *2 (W.D.N.Y. Feb. 14, 2024) ("Mailing is not the same as filing, and while Plaintiff may be proceeding *pro se*, he is not incarcerated, and therefore the prison 'mailbox rule' does not apply to him."); *Warren v. Sawyer*, No. 9:15-CV-0591, 2016 WL 1558460, at *4 (N.D.N.Y. Apr. 15, 2016), *aff'd*, 691 F. App'x 52 (2d Cir. 2017) ("[S]everal courts, including this one, have stated that the prison mailbox rule does not apply to non-prisoner litigants. . . . Accordingly, plaintiff's complaint was filed when received by the Clerk of the Court. . . ."). Therefore, Plaintiff's motion for reconsideration, mailed on April 9, 2024 (Dkt. 128 at 14), was not filed until April 15, 2024, when it was received by the Clerk's Office. April 15 falls 34 days after entry of judgment. And even if Plaintiff received the benefit of the three additional days under Federal Rule of Civil Procedure 6(d) because the judgment was mailed, which is unlikely, *see United States v. Zook*, No. 22-1060, 2022 WL 17438062, at *2 (10th Cir. Dec. 6, 2022), *cert. denied*, 144 S. Ct. 81 (2023) (rejecting argument that because judgment was served by mail, Federal Rule of Civil Procedure 6(d) provided an additional three days to file post-judgment motion under Rule 59(e)); *McSheffrey v. Wilder*, No. 2:21CV630, 2024 WL 3454975, at *1 (E.D. Va. July 17, 2024) ("Rule 6(d) does not

"If the Rule 59(e) motion is not timely filed, then the motion to reconsider will be treated as a Rule 60(b) motion." *Lichtenstein v. Reassure Am. Life Ins. Co.*, No. 07-CV-1653 DLI LB, 2011 WL 1527787, at *1 (E.D.N.Y. Apr. 20, 2011). A party must make a motion under Rule 60(b) "within a reasonable time." Fed. R. Civ. P. 60(b). A motion under Rule 60(b)(1) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." *Id.* Plaintiff filed his motion for reconsideration within one year of the March 11 D&O.

Under Rule 60(b), in relevant part, "[a] court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief."[3] Fed. R. Civ. P. 60(b).

As explained by the Second Circuit, "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds

---

extend the time period for filing a Rule 59(e) motion, which runs from the entry of judgment and not the date of service."), any motion pursuant to Rule 59(e) would still be untimely.

[3]   To the extent Plaintiff attempts to base his motion on both Rule 60(b)(1) and (6), "Rule 60(b)(1) and Rule 60(b)(6) are 'mutually exclusive,' such 'that any conduct which generally falls under the former cannot stand as a ground for relief under the latter.'" *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (quoting *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976)).

justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways, LTD v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and quotation omitted). "With respect to the third of these criteria, to justify review of a decision, the Court must have 'a clear conviction of error on a point of law that is certain to recur.'" *Turner v. Vill. of Lakewood*, No. 11-CV-211-A, 2013 WL 5437370, at *3 (W.D.N.Y. Sept. 27, 2013) (quoting *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989)), *aff'd*, 594 F. App'x 25 (2015). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10-CV-6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

"A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.'" *See United States v. NG Lap Seng*, No. S5 15-CR-706 (VSB), 2021 WL 961749, at *2 (S.D.N.Y. Mar. 15, 2021) (quoting *AP v. United States DOD*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)); *see also Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) ("[A motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. . . ." (internal quotations omitted)).

In support of his motion for reconsideration, Plaintiff largely attempts to rehash arguments already advanced and rejected by the Court when it issued its March 11 D&O. This is not a proper basis for reconsideration. Plaintiff does try to change tactics in one respect, arguing that his motion to amend should not have been denied because the Court possesses diversity jurisdiction, claiming for the first time that he is a citizen of Tennessee and Defendants are citizens of New York. (Dkt. 128 at 4-5; Dkt. 128 at 9). But Plaintiff was previously provided the opportunity to plead diversity jurisdiction (*see* Dkt. 98), and he failed to do so. Instead, as noted in the March 11 D&O, Plaintiff alleged that he was "indigenous to the land Tanasi" and "not the State of Tennessee." (Dkt. 102-1 at 2 n.1). The March 11 D&O appropriately concluded that this was insufficient to invoke the Court's diversity jurisdiction. (Dkt. 122 at 12-13). Having already been permitted the opportunity to file an amended complaint, and having been specifically advised that he needed to adequately plead diversity jurisdiction, Plaintiff cannot now attempt to cure the deficiencies with respect to his attempts to plead diversity jurisdiction. A motion for reconsideration is not an opportunity for a "do over." *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, No. 00 CIV. 3613 (LAP), 2004 WL 1943099, at *1 (S.D.N.Y. Aug. 27, 2004).

Plaintiff also argues that he should "be referred [to] by his proper surname Wade and not 'Van Wade.'" (Dkt. 128 at 7). Plaintiff commenced this action under the name "William Van Wade." (Dkt. 1 at 1; Dkt. 4 at 1). The caption lists Plaintiff as "William Van Wade." To the extent Plaintiff seeks reconsideration of the failure to change the

caption of this matter, which Plaintiff never requested by formal motion (*see* Dkt. 61 at 7), the request is denied.

Finally, Plaintiff's motion for miscellaneous relief essentially appears to seek a ruling on the pending motion for reconsideration. (Dkt. 137). That requested relief is now moot with the issuance of this Decision and Order, and Plaintiff has not established his entitlement to any other relief as requested in that motion.

## CONCLUSION

For all these reasons, Plaintiff's motion for reconsideration (Dkt. 128) and motion for miscellaneous relief (Dkt. 137) are denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: October 25, 2024
       Rochester, New York